# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JEFFERSON TRANSPORTATION, L.L.C,** ) <br> ) <br> **PLAINTIFF,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> ) <br> ) <br> **RAIL CONNECTION, INC.,** ) <br> **et al.,** ) <br> ) <br> **DEFENDANTS** ) | **CIVIL ACTION NO. 2:10-cv-03250-WMA** <br><br> **(Removed from the Circuit Court of Jefferson County, Alabama)** |

## ANSWER OF DEFENDANT RAIL CONNECTION, INC. TO FIRST AMENDED COMPLAINT

Defendant Rail Connection, Inc. (hereinafter "Defendant"), by counsel, responds to the allegations contained in Plaintiff's Amended Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant answers the specific allegations of Plaintiff's Amended Complaint as set forth below:

## JURISDICTION AND PARTIES

1. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations contained in Paragraph 1.

2. Defendant admits that it is a corporation organized under the laws of the State of West Virginia. Defendant states that its principal place of business is located in Eleanor, West Virginia. Defendant denies the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

3. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 3.

4. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 4.

5. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint. Except

as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 5.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 6.

7. Defendant admits the allegations set forth in Paragraph 7.

## FACTS

8. Defendant admits that on June 24, 2005, Rail Connection leased forty-two (42) railcars to South Central Tennessee Railroad. Defendant states that the lease mistakenly omitted one railcar, TKEN 3007. The lease was amended on November 17, 2005, to add one railcar, TKEN 3007, to the lease. Defendant avers that the document referenced in Paragraph 8 of the Amended Complaint speaks for itself. Defendant admits that the leased railcars each bore a TKEN reporting mark which is listed in the Lease. With respect to the rental rate of the cars, Defendant states that the $325.00 per car, per month was a minimum floor rental rate. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 8.

9. Defendant admits that the term of the Lease commenced on July 1, 2005, and continued for a period of thirty-six (36) months thereafter. With respect

to the remaining allegations set forth in Paragraph 9, Defendant avers that the document referenced in Paragraph 9 of the Amended Complaint speaks for itself. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 9.

10.     Defendant avers that the document referenced in Paragraph 10 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 10.

11.     Defendant avers that the document referenced in Paragraph 11 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 11.

12.     Defendant avers that the document referenced in Paragraph 12 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 12.

13.     Defendant avers that the document referenced in Paragraph 13 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 13.

14. Defendant avers that the document referenced in Paragraph 14 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 14.

15. Defendant admits that on July 29, 2005, Defendant sold the railcars to Jefferson Transportation. With respect to the remaining allegations set forth in Paragraph 15 of the Amended Complaint, Defendant avers that the documents referenced in Paragraph 15 of the Amended Complaint speak for themselves and states that the contractual language has been taken out of context. Defendant denies that the Bill of Sale notes that the cars had been "converted for scrap service." Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 15.

16. Defendant admits that on July 29, 2005, Defendant assigned the Lease of the railcars to Jefferson Transportation. With respect to the remaining allegations set forth in Paragraph 16 of the Amended Complaint, Defendant avers that the document referenced in Paragraph 16 of the Amended Complaint speaks for itself. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 16.

17. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint.

Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 17.

18. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 18 of the Amended Complaint. Defendant admits that ten of the railcars South Central leased from Jefferson Transportation were unsuitable for movement in the interchange system. Defendant avers that the document referenced in Paragraph 18 of the Amended Complaint speaks for itself. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 18.

19. Defendant denies the allegations set forth in the first sentence of Paragraph 19 of the Amended Complaint. The allegations contained in the second sentence of Paragraph 19 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 19.

20. Defendant admits that Appalachian Railcar Services, Inc. is a corporation organized under the laws of the State of West Virginia. Defendant admits that it shares a Notice of Process Address and Principal Office Address with Appalachian Railcar Services, Inc. Defendant states that Warren Higginbotham is Appalachian Railcar Services, Inc.'s President and Rail Connection, Inc.'s Vice-

President and Secretary. Defendant states that Trina Higginbotham is Appalachian Railcar Services, Inc.'s Incorporator and Vice-President and Rail Connection, Inc.'s President and Treasurer. Defendant denies the remaining allegations set forth in Paragraph 20.

21. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 21.

## COUNT ONE – BREACH OF CONTRACT
### (AS TO BOTH SOUTH CENTRAL AND RAIL CONNECTION)

22. All preceding Paragraphs of this Answer are incorporated herein by reference.

23. Defendant admits that on July 29, 2005, Plaintiff Jefferson Transportation and Rail Connection, Inc. entered into a Purchase and Sale Agreement under which Jefferson Transportation purchased forty-three railcars. Defendant states that pursuant to the terms of the Purchase and Sale Agreement, Jefferson Transportation agreed to purchase the railcars on an "as is, where is" basis. In addition, the Purchase and Sale Agreement states that "BUYER AGREES THE EQUIPMENT SHALL BE SOLD TO BUYER BY SELLER "AS IS" WITHOUT ANY OTHER REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL OR IMPLIED, AND THE SELLER SHALL

NOT, BY VIRTUE OF HAVING SOLD THE EQUIPMENT HEREWITH, BE DEEMED TO HAVE MADE ANY REPRESENTATION OR WARRANTY AS TO THE MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." Defendant admits that the railcars were being leased by South Central Tennessee Railroad and that Rail Connection, Inc. assigned the Lease to Jefferson Transportation in an Assignment and Assumption Agreement on July 29, 2005. Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25. Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 25.

26. Defendant denies the allegations set forth in Paragraph 26 of the Amended Complaint.

**COUNT TWO – FRAUD (SUPPRESSION)**
**(AS TO DEFENDANT RAIL CONNECTION)**

27. All preceding Paragraphs of this Answer are incorporated herein by reference.

28. Defendant admits the allegations set forth in the first sentence of Paragraph 28 of the Amended Complaint. In addition, Defendant states that forty-three of the railcars were leased to South Central Tennessee Railroad. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 28.

29. Defendant denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Amended Complaint.

31. Paragraph 31 of the Amended Complaint states a legal conclusion for which no response is required. To the extent that a response is deemed necessary, the allegations set forth in Paragraph 31 are denied.

32. Defendant denies the allegations set forth in Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Amended Complaint.

## COUNT THREE – PROMISSORY FRAUD
## (AS TO SOUTH CENTRAL DEFENDANTS ONLY)

35. All preceding Paragraphs of this Answer are incorporated herein by reference.

36. Defendant admits the allegations set forth in the first sentence of Paragraph 36 of the Amended Complaint. In addition, Defendant states that forty-three of the railcars were leased to South Central Tennessee Railroad. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 36.

37. The allegations set forth in Paragraph 37 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 37 refer to this Defendant, the allegations are denied.

38. The allegations set forth in Paragraph 38 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 38 refer to this Defendant, the allegations are denied.

39. The allegations set forth in Paragraph 39 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 39 refer to this Defendant, the allegations are denied.

40. The allegations set forth in Paragraph 40 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 40 refer to this Defendant, the allegations are denied.

41. The allegations set forth in Paragraph 41 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 41 refer to this Defendant, the allegations are denied.

**COUNT FOUR – DECLARATORY JUDGMENT**
**(AS TO SOUTH CENTRAL DEFENDANTS ONLY)**

42. All preceding Paragraphs of this Answer are incorporated herein by reference.

43. Defendant admits that on July 29, 2005, Plaintiff Jefferson Transportation and Rail Connection, Inc. entered into a Purchase and Sale Agreement under which Jefferson Transportation purchased forty-three railcars. Defendant states that pursuant to the terms of the Purchase and Sale Agreement, Jefferson Transportation agreed to purchase the railcars on an "as is, where is" basis. In addition, the Purchase and Sale Agreement states that "BUYER AGREES THE EQUIPMENT SHALL BE SOLD TO BUYER BY SELLER "AS IS" WITHOUT ANY OTHER REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL OR IMPLIED, AND THE SELLER SHALL

NOT, BY VIRTUE OF HAVING SOLD THE EQUIPMENT HEREWITH, BE DEEMED TO HAVE MADE ANY REPRESENTATION OR WARRANTY AS TO THE MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." Defendant admits that the railcars were being leased by South Central Tennessee Railroad and that Rail Connection, Inc. assigned the Lease to Jefferson Transportation in an Assignment and Assumption Agreement on July 29, 2005. Defendant denies the remaining allegations set forth in Paragraph 43 of the Amended Complaint.

44. The allegations set forth in Paragraph 44 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 44 refer to this Defendant, the allegations are denied.

45. The allegations set forth in Paragraph 45 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 45 refer to this Defendant, Defendant states that Appalachian Railcar Services did not perform the repairs at issue

46. The allegations set forth in Paragraph 46 of the Amended Complaint are directed to another party and do not require an answer from this Defendant. To the extent that the allegations set forth in Paragraph 46 refer to this Defendant,

Defendant states that Plaintiff is responsible to pay the repair costs for the repairs to the cars made pursuant to the Association of American Railroads Interchange Rules governing the roadworthiness of railcars.

47. Plaintiffs' **WHEREFORE** paragraphs are claims for damages for which no responses are required. To the extent that responses are required, they are denied.

48. Defendant denies each and every allegation set forth in the Amended Complaint which has not been specifically admitted in its Answer.

## THIRD DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any damages as a result of any acts or omissions of Defendant.

## FOURTH DEFENSE

Defendant denies that it has breached any affirmative duty or standard of care with respect to Plaintiff.

## FIFTH DEFENSE

Plaintiff has failed to mitigate its damages as required by law.

## SIXTH DEFENSE

Defendant has complied with all requirements set forth in the applicable contracts.

## SEVENTH DEFENSE

Defendant denies that it breached any contract with Plaintiff.

## EIGHTH DEFENSE

Plaintiff's Amended Complaint may be barred in whole or in part by the statute of limitations.

## NINTH DEFENSE

Defendant specifically raises the defenses of lack of personal jurisdiction and improper venue.

## TENTH DEFENSE

Plaintiff's Amended Complaint may be barred in whole or in part by the doctrines of estoppel, laches, or waiver.

## ELEVENTH DEFENSE

Plaintiff has failed to plead fraud with particularity.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages violates and is barred by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees and costs.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because Defendant engaged in no conduct that actually or proximately caused any legally cognizable damage that Plaintiff claims to have suffered.

### FIFTEENTH DEFENSE

Plaintiff has failed to join an indispensable party.

### SIXTEENTH DEFENSE

Plaintiff and Defendant engaged in an arms length transaction and Defendant did not owe Plaintiff a duty to disclose.

### SEVENTEENTH DEFENSE

Plaintiff did not take any actions in reliance on any acts or omissions of Defendant.

### EIGHTEENTH DEFENSE

Plaintiff's breach of contract claims are barred by Plaintiff's failure to fully perform under the contract.

### NINETEENTH DEFENSE

Plaintiff's contract claims are barred by the limitation of liability and/or the disclaimer of warranties contained in the contract.

### TWENTIETH DEFENSE

Defendant, not being advised of all facts and circumstances surrounding this action, reserves unto itself all those defenses set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and such other defenses, affirmative or otherwise, as may prove applicable through investigation and discovery.

## **TWENTY FIRST DEFENSE**

Defendant reserves the right to amend this Answer to state additional affirmative defenses as they become known.

**WHEREFORE,** Defendant, Rail Connection, Inc., demands that the Amended Complaint against it be dismissed, with prejudice, that it be awarded the costs and expenses, including attorneys' fees, incurred in defending same and any and all other relief to which Defendant may be entitled.

Dated this 22nd day of December 2010.

**RAIL CONNECTION, INC.,**

By Counsel:

/s/ Stacey Richards-Minigh
Gerald P. Gillespy
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Of Counsel

Christopher L. Slaughter
Stacey Richards-Minigh
STEPTOE & JOHNSON PLLC
P. O. Box 2195
Huntington, WV 25722-2195
Telephone: (304) 522-8290
Facsimile: (304) 526-8089

## CERTIFICATE OF SERVICE

I do hereby certify that on this 22nd day of December 2010, I electronically filed the foregoing **"Answer of Defendant Rail Connection, Inc. to First Amended Complaint"** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

>R. Thomas Warburton
>James W. Wright, Jr.
>Bradley Arant Boult Cummings, LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL 35203-2104
>>*Counsel for Plaintiff*

>/s/ Stacey Richards-Minigh