FILED

2011 Oct-03  PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFFERSON TRANSPORTATION, L.L.C,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:10-cv-03250-WMA** |
| | ) | |
| **RAIL CONNECTION, INC., et al.,** | ) | **(Removed from the Circuit Court of Jefferson County, Alabama)** |
| | ) | |
| **DEFENDANTS.** | ) | |

## AMENDED ANSWER OF DEFENDANT RAIL CONNECTION, INC. TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM AGAINST JEFFERSON TRANSPORTATION, L.L.C

Defendant Rail Connection, Inc. (hereinafter "Defendant"), by counsel, responds to the allegations contained in Plaintiff's Amended Complaint as follows:

## JURISDICTION AND PARTIES

1.     Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies the remainder of the allegations contained in Paragraph 1.

2.     Defendant admits that it is a corporation organized under the laws of the State of West Virginia.  Defendant states that its principal place of business is

located in Eleanor, West Virginia.  Defendant denies the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

3.      Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 3.

4.      Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 4.

5.      Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 5.

6.      Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Amended Complaint.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 6.

7.      Defendant admits the allegations set forth in Paragraph 7.

1949834 v1

## FACTS

8.     Defendant admits that on June 24, 2005, Rail Connection leased forty-two (42) railcars to South Central Tennessee Railroad.  Defendant states that the lease mistakenly omitted one railcar, TKEN 3007.  The lease was amended on November 17, 2005, to add one railcar, TKEN 3007, to the lease.  Defendant avers that the document referenced in Paragraph 8 of the Amended Complaint speaks for itself.  Defendant admits that the leased railcars each bore a TKEN reporting mark which is listed in the Lease.  With respect to the rental rate of the cars, Defendant states that the $325.00 per car, per month was a minimum floor rental rate.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 8.

9.     Defendant admits that the term of the Lease commenced on July 1, 2005, and continued for a period of thirty-six (36) months thereafter.  With respect to the remaining allegations set forth in Paragraph 9, Defendant avers that the document referenced in Paragraph 9 of the Amended Complaint speaks for itself. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 9.

10.     Defendant avers that the document referenced in Paragraph 10 of the Amended Complaint speaks for itself and states that the contractual language has

1949834 v1

been taken out of context.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 10.

11.    Defendant avers that the document referenced in Paragraph 11 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 11.

12.    Defendant avers that the document referenced in Paragraph 12 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 12.

13.    Defendant avers that the document referenced in Paragraph 13 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 13.

14.    Defendant avers that the document referenced in Paragraph 14 of the Amended Complaint speaks for itself and states that the contractual language has been taken out of context.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 14.

15.    Defendant admits that on July 29, 2005, Defendant sold the railcars to Jefferson Transportation.  With respect to the remaining allegations set forth in

1949834 v1

Paragraph 15 of the Amended Complaint, Defendant avers that the documents referenced in Paragraph 15 of the Amended Complaint speak for themselves and states that the contractual language has been taken out of context. Defendant denies that the Bill of Sale notes that the cars had been "converted for scrap service." Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 15.

16.     Defendant admits that on July 29, 2005, Defendant assigned the Lease of the railcars to Jefferson Transportation. With respect to the remaining allegations set forth in Paragraph 16 of the Amended Complaint, Defendant avers that the document referenced in Paragraph 16 of the Amended Complaint speaks for itself. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 16.

17.     Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 17.

18.     Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 18 of the Amended Complaint. Defendant admits that ten of the railcars South Central leased from Jefferson Transportation were unsuitable for movement in the

1949834 v1

interchange system.  Defendant avers that the document referenced in Paragraph 18 of the Amended Complaint speaks for itself.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 18.

19.     Defendant denies the allegations set forth in the first sentence of Paragraph 19 of the Amended Complaint.  The allegations contained in the second sentence of Paragraph 19 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 19.

20.     Defendant admits that Appalachian Railcar Services, Inc. is a corporation organized under the laws of the State of West Virginia.  Defendant admits that it shares a Notice of Process Address and Principal Office Address with Appalachian Railcar Services, Inc.  Defendant states that Warren Higginbotham is Appalachian Railcar Services, Inc.'s President and Rail Connection, Inc.'s Vice-President and Secretary. Defendant states that Trina Higginbotham is Appalachian Railcar Services, Inc.'s Incorporator and Vice-President and Rail Connection, Inc.'s President and Treasurer. Defendant denies the remaining allegations set forth in Paragraph 20.

21.     Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

6

Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 21.

### COUNT ONE – BREACH OF CONTRACT
### (AS TO BOTH SOUTH CENTRAL AND RAIL CONNECTION)

22.     All preceding Paragraphs of this Answer are incorporated herein by reference.

23.     Defendant admits that on July 29, 2005, Plaintiff Jefferson Transportation and Rail Connection, Inc. entered into a Purchase and Sale Agreement under which Jefferson Transportation purchased forty-three railcars. Defendant states that pursuant to the terms of the Purchase and Sale Agreement, Jefferson Transportation agreed to purchase the railcars on an "as is, where is" basis.   In addition, the Purchase and Sale Agreement states that "BUYER AGREES THE EQUIPMENT SHALL BE SOLD TO BUYER BY SELLER "AS IS" WITHOUT ANY OTHER REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL OR IMPLIED, AND THE SELLER SHALL NOT, BY VIRTUE OF HAVING SOLD THE EQUIPMENT HEREWITH, BE DEEMED TO HAVE MADE ANY REPRESENTATION OR WARRANTY AS TO THE MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."   Defendant admits that the railcars were being leased by South Central Tennessee Railroad and that Rail Connection, Inc. assigned the Lease to Jefferson Transportation in an Assignment and Assumption Agreement on July 29,

7

2005.   Except as expressly admitted herein, Defendant denies the remaining allegations set forth in Paragraph 23 of the Amended Complaint.

24.    Defendant denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    Defendant is without information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint. Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 25.

26.    Defendant denies the allegations set forth in Paragraph 26 of the Amended Complaint.

## COUNT TWO – FRAUD (SUPPRESSION)
### (AS TO DEFENDANT RAIL CONNECTION)

27.    All preceding Paragraphs of this Answer are incorporated herein by reference.

28.    Defendant admits the allegations set forth in the first sentence of Paragraph 28 of the Amended Complaint.  In addition, Defendant states that forty-three of the railcars were leased to South Central Tennessee Railroad.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 28.

29.    Defendant denies the allegations set forth in Paragraph 29 of the Amended Complaint.

8

30.    Defendant denies the allegations set forth in Paragraph 30 of the Amended Complaint.

31.    Paragraph 31 of the Amended Complaint states a legal conclusion for which no response is required.  To the extent that a response is deemed necessary, the allegations set forth in Paragraph 31 are denied.

32.    Defendant denies the allegations set forth in Paragraph 32 of the Amended Complaint.

33.    Defendant denies the allegations set forth in Paragraph 33 of the Amended Complaint.

34.    Defendant denies the allegations set forth in Paragraph 34 of the Amended Complaint.

<u>**COUNT THREE – PROMISSORY FRAUD**</u>
**(AS TO SOUTH CENTRAL DEFENDANTS ONLY)**

35.    All preceding Paragraphs of this Answer are incorporated herein by reference.

36.    Defendant admits the allegations set forth in the first sentence of Paragraph 36 of the Amended Complaint.  In addition, Defendant states that forty-three of the railcars were leased to South Central Tennessee Railroad.  Except as expressly admitted herein, Defendant denies the remainder of the allegations set forth in Paragraph 36.

37.    The allegations set forth in Paragraph 37 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 37 refer to this Defendant, the allegations are denied.

38.    The allegations set forth in Paragraph 38 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 38 refer to this Defendant, the allegations are denied.

39.    The allegations set forth in Paragraph 39 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 39 refer to this Defendant, the allegations are denied.

40.    The allegations set forth in Paragraph 40 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 40 refer to this Defendant, the allegations are denied.

41.    The allegations set forth in Paragraph 41 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 41 refer to this Defendant, the allegations are denied.

1949834 v1

## COUNT FOUR – DECLARATORY JUDGMENT
## (AS TO SOUTH CENTRAL DEFENDANTS ONLY)

42.     All preceding Paragraphs of this Answer are incorporated herein by reference.

43.     Defendant admits that on July 29, 2005, Plaintiff Jefferson Transportation and Rail Connection, Inc. entered into a Purchase and Sale Agreement under which Jefferson Transportation purchased forty-three railcars. Defendant states that pursuant to the terms of the Purchase and Sale Agreement, Jefferson Transportation agreed to purchase the railcars on an "as is, where is" basis.   In addition, the Purchase and Sale Agreement states that "BUYER AGREES THE EQUIPMENT SHALL BE SOLD TO BUYER BY SELLER "AS IS" WITHOUT ANY OTHER REPRESENTATIONS AND WARRANTIES, WHETHER WRITTEN, ORAL OR IMPLIED, AND THE SELLER SHALL NOT, BY VIRTUE OF HAVING SOLD THE EQUIPMENT HEREWITH, BE DEEMED TO HAVE MADE ANY REPRESENTATION OR WARRANTY AS TO THE MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."   Defendant admits that the railcars were being leased by South Central Tennessee Railroad and that Rail Connection, Inc. assigned the Lease to Jefferson Transportation in an Assignment and Assumption Agreement on July 29, 2005.  Defendant denies the remaining allegations set forth in Paragraph 43 of the Amended Complaint.

11

44.     The allegations set forth in Paragraph 44 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 44 refer to this Defendant, the allegations are denied.

45.     The allegations set forth in Paragraph 45 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 45 refer to this Defendant, Defendant states that Appalachian Railcar Services did not perform the repairs at issue

46.     The allegations set forth in Paragraph 46 of the Amended Complaint are directed to another party and do not require an answer from this Defendant.  To the extent that the allegations set forth in Paragraph 46 refer to this Defendant, Defendant states that Plaintiff is responsible to pay the repair costs for the repairs to the cars made pursuant to the Association of American Railroads Interchange Rules governing the roadworthiness of railcars.

47.     Plaintiffs' **WHEREFORE** paragraphs are claims for damages for which no responses are required.  To the extent that responses are required, they are denied.

48.     Defendant denies each and every allegation set forth in the Amended Complaint which has not been specifically admitted in its Answer.

1949834 v1

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any damages as a result of any acts or omissions of Defendant.

### SECOND DEFENSE

Defendant denies that it has breached any affirmative duty or standard of care with respect to Plaintiff.

### THIRD DEFENSE

Plaintiff has failed to mitigate its damages as required by law.

### FOURTH DEFENSE

Defendant has complied with all requirements set forth in the applicable contracts.

### FIFTH DEFENSE

Defendant denies that it breached any contract with Plaintiff.

### SIXTH DEFENSE

Plaintiff's Amended Complaint may be barred in whole or in part by the statute of limitations.

### SEVENTH DEFENSE

Defendant specifically raises the defenses of lack of personal jurisdiction and improper venue.

1949834 v1

## EIGHTH DEFENSE

Plaintiff's Amended Complaint may be barred in whole or in part by the doctrines of estoppel, laches, or waiver.

## NINTH DEFENSE

Plaintiff has failed to plead fraud with particularity.

## TENTH DEFENSE

Plaintiff's claim for punitive damages violates and is barred by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees and costs.

## TWELFTH DEFENSE

Plaintiff's claims are barred because Defendant engaged in no conduct that actually or proximately caused any legally cognizable damage that Plaintiff claims to have suffered.

## THIRTEENTH DEFENSE

Plaintiff and Defendant engaged in an arms length transaction and Defendant did not owe Plaintiff a duty to disclose.

## FOURTEENTH DEFENSE

Plaintiff did not take any actions in reliance on any acts or omissions of Defendant.

14

## FIFTEENTH DEFENSE

Plaintiff's breach of contract claims are barred by Plaintiff's failure to fully perform under the contract.

## SIXTEENTH DEFENSE

Plaintiff's contract claims are barred by the limitation of liability and/or the disclaimer of warranties contained in the contract.

## SEVENTEENTH DEFENSE

Defendant, not being advised of all facts and circumstances surrounding this action, reserves unto itself all those defenses set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and such other defenses, affirmative or otherwise, as may prove applicable through investigation and discovery.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend this Answer to state additional affirmative defenses as they become known.

**WHEREFORE,** Defendant Rail Connection, Inc. demands that the Amended Complaint against it be dismissed, with prejudice, that it be awarded the costs and expenses, including attorneys' fees, incurred in defending same and any and all other relief to which Defendant may be entitled.

1949834 v1

## COUNTERCLAIM AGAINST
## JEFFERSON TRANSPORTATION, L.L.C.

Rail Connection, Inc. states the following counterclaim against Plaintiff Jefferson Transportation, L.L.C.:

## FACTUAL BACKGROUND

1.     On July 29, 2005, Rail Connection, Inc. and Jefferson Transportation, L.L.C. entered into a Purchase and Sale Agreement through which Jefferson Transportation, L.L.C. purchased forth-three railcars.

2.     At that time, the railcars were being leased to South Central Tennessee Railroad.

3.     The Purchase and Sale Agreement provided that "[a]ll revenues and expenses with respect to the Equipment and with respect to any Car, which are incurred on or after the Closing Date, shall be for the account of Buyer."

4.     On July 29, 2005, Rail Connection, Inc. and Jefferson Transportation, L.L.C. entered into an Assignment and Assumption Agreement whereby Rail Connection, Inc. assigned the lease of the subject railcars involving South Central Tennessee Railroad to Jefferson Transportation, L.L.C.

5.     After the execution of the Purchase and Sale Agreement, Jefferson Transportation, L.L.C., as owner of the railcars, did not re-stencil the railcars with new reporting marks, but instead continued to operate the railcars and/or permitted South Central Tennessee Railroad to operate the railcars using the TKEN reporting

16

marks, which Railroad Connection, Inc. had rented from David J. Joseph Company.

6.    Rail Connection, Inc. forwarded to Jefferson Transportation, L.L.C. all car hire earnings earned by the railcars and received by it as the lessor of the TKEN numbers after the sale of the subject railcars.

7.    When running repairs were made by the railroads pursuant to the Association of American Railroads Interchange Rules after Rail Connection, Inc.'s sale of the subject railcars to Jefferson Transportation, L.L.C., bills for those repairs were sent to Rail Connection, Inc. as the lessor of the TKEN numbers.

8.    Rail Connection, Inc. then sent invoices to Jefferson Transportation, L.L.C. seeking reimbursement of the expenses billed to it as lessor of the TKEN numbers for the running repairs on the subject railcars owned by Jefferson Transportation pursuant to the terms of the Purchase and Sale Agreement.

9.    Appalachian Railcar Services did not perform any of the running repairs at issue.

10.    After execution of the Purchase and Sale Agreement, Rail Connection, Inc. received repair bills on the forty-three railcars totaling at least $61,643.77.

11.    Jefferson Transportation, L.L.C. has failed to reimburse Rail Connection, Inc. for the repairs to its railcars.

1949834 v1

## COUNT I
## BREACH OF CONTRACT

12.     All preceding Paragraphs of this Counterclaim are incorporated herein by reference.

13.     On July 29, 2005, Rail Connection, Inc. and Jefferson Transportation, L.L.C. entered into a Purchase and Sale Agreement through which Jefferson Transportation, L.L.C. purchased forth-three railcars.

14.     The Purchase and Sale Agreement provided that "[a]ll revenues and expenses with respect to the Equipment and with respect to any Car, which are incurred on or after the Closing Date, shall be for the account of Buyer."

15.     The Purchase and Sale Agreement also provided that "Buyer shall indemnify and hold Seller harmless from and against any and all costs, claims, liabilities and causes of action, including but not limited to attorney's fees and the costs of defending such claims (collectively, the "Claims"), arising from events occurring from and after the Closing Date, with respect to the condition, repair, leasing, sale, utility, use, ownership or management of the Equipment or any Car. Upon payment of such indemnity, Buyer shall be subrogated to the Seller's rights against any third parties respecting the Claim."

16.     The Purchase and Sale Agreement further provided that "THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF WEST VIRGINIA, SHALL BE CONSTRUED IN ACCORDANCE WITH,

1949834 v1

AND THE RIGHTS AND LIABILITIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY, THE INTERNAL, SUBSTANTIVE LAWS OF SUCH STATE, AND THIS AGREEMENT SHALL BE DEEMED IN ALL RESPECTS TO BE A CONTRACT OF SUCH STATE."

17.     Since the closing date of the Agreement, Rail Connection, Inc. received repair bills on the forty-three railcars totaling at least $61,643.77.

18.     Jefferson Transportation, L.L.C. has failed to pay Rail Connection, Inc. for the repairs to its railcars.

19.     The Purchase and Sale Agreement constituted a valid and binding contract between Jefferson Transportation, L.L.C. and Rail Connection, Inc.

20.     Rail Connection, Inc. fully complied with the terms of the Purchase and Sale Agreement.

21.     Jefferson Transportation, L.L.C.'s failure to pay for the repairs to its railcars constitutes a breach of the Purchase and Sale Agreement.

22.     As a direct consequence of the breach of the Purchase and Sale Agreement by Jefferson Transportation, L.L.C., Rail Connection, Inc. has suffered damages.

23.     Rail Connection, Inc. is entitled to judgment against Jefferson Transportation, L.L.C. in the amount of all costs incurred by it related to running repairs made on the subject railcars after the purchase of the railcars by Jefferson

1949834 v1

Transportation, L.L.C., for interest accrued on such amount, for attorneys' fees and costs, and for all other damages allowable under the law of the State of West Virginia.

## COUNT II
## UNJUST ENRICHMENT

24.     All preceding Paragraphs of this Counterclaim are incorporated herein by reference.

25.     Jefferson Transportation, L.L.C.'s wrongful failure to pay Rail Connection, Inc. for the costs Rail Connection, Inc. incurred for repairs to Jefferson Transportation, L.L.C.'s railcars conferred a benefit on Jefferson Transportation, L.L.C.

26.     Jefferson Transportation, L.L.C.'s retention of that benefit is unjust and inequitable because Jefferson Transportation, L.L.C. engaged in unconscionable or unlawful conduct.

27.     Rail Connection, Inc. has suffered damages as a result of Jefferson Transportation, L.L.C.'s wrongful retention of that benefit.

28.     Rail Connection, Inc. is entitled to judgment against Jefferson Transportation, L.L.C. in the amount of all costs incurred by it related to running repairs made on the subject railcars after the purchase of the railcars by Jefferson Transportation, L.L.C., for interest accrued on such amount, for attorneys' fees and costs, and for all other damages allowable under the law.

1949834 v1

**WHEREFORE**, Counter-Plaintiff Rail Connection, Inc. seeks the entry of judgment against Counter-Defendant Jefferson Transportation, L.L.C. for compensatory damages, pre-judgment and post-judgment interest, reasonable attorney's fees, litigation expenses, and court costs, and any and all additional relief and damages Counter-Plaintiff is deemed to be entitled.

Dated this 3rd day of October, 2011.

/s/ Gerald P. Gillespy
Gerald P. Gillespy
Ellen T. Mathews
Burr & Forman LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Attorneys for Defendant Rail
Connection, Inc.

## **JURY DEMAND**

Defendant Rail Connection, Inc. demands a trial by jury on all issues so triable.

/s/ Gerald P. Gillespy
Of Counsel

1949834 v1

## CERTIFICATE OF SERVICE

I do hereby certify that on this 3rd day of October, 2011, I electronically filed the foregoing **"Amended Answer of Defendant Rail Connection, Inc. to First Amended Complaint and Counterclaim against Jefferson Transportation, L.L.C."** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

R. Thomas Warburton
James W. Wright, Jr.
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104

Brannon J. Buck
Badham & Buck, L.L.C.
2585 Wells Fargo Tower
420 North 20th Street
Birmingham, AL  35203

*/s/  Gerald P. Gillespy*
OF COUNSEL